# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

EARL BLUE                                                                 PETITIONER

v.                                                  No. 4:04CV161-M-B

CHRISTOPHER EPPS, ET AL.                                RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Earl Blue (#67042) for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state moved September 9, 2004, to dismiss the petition as untimely filed. The petitioner has not responded, and the deadline for response expired September 19, 2004. The matter is ripe for decision. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed under 28 U.S.C. § 2244(d).

## Facts and Procedural Posture

The petitioner was convicted of armed robbery in the Circuit Court of Leflore County, Mississippi and sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections. The Mississippi Court of Appeals affirmed the petitioner's conviction and sentence September 3, 2002. *Blue v. State,* 825 So. 2d 709 (Miss. App. 2002) (Cause No. 2001-KA-00395-COA). On December 19, 2002, Earl Blue filed a petition for rehearing in the Mississippi Court of Appeals. As discussed below, however, the deadline for filing such a petition expired on September 17, 2002. The court denied the petition for rehearing January 6, 2003. Earl Blue filed the instant federal petition for a writ of *habeas corpus* June 4, 2004. The state moved September 9, 2004, to dismiss the petition as untimely filed.

## Discussion

This matter is governed by 28 U.S.C. § 2244(d), which provides:

(D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

The AEDPA thus requires, with the limited exceptions set forth above, that a federal *habeas corpus* petition be filed within one year of the date that petitioner's judgment of conviction becomes final. *Cantu-Tzin v. Johnson,* 162 F.3d 295 (5th Cir. 1998), *cert denied,* 119 S.Ct. 847 (1999). The one-year period of limitation, however, is subject to tolling during the time a motion for post-conviction relief has been properly filed in state court and is pending there.

The petitioner, however, did not timely seek discretionary review in the Mississippi Supreme Court. He thus "stopped the appeal process" and was unable to pursue further direct review in the Mississippi Supreme Court *or* in the United States Supreme Court. *Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003). The petitioner's conviction thus became final, and the statute of limitations for federal *habeas corpus* relief began to run, when the time for seeking further direct review in the state court expired on September 17, 2002 (September 3, 2002, plus fourteen days). MISS. R. APP. P. 40(a) (allowing fourteen (14) days to file a petition for rehearing in state court after direct appeal is affirmed). This set the new deadline for filing a federal petition for a writ of *habeas corpus* to September 17, 2003. On August 19, 2003, the petitioner filed an "Application for Leave to File Motion for Post-Conviction Relief" in the Mississippi Supreme Court, which denied that application December 11, 2003. The limitations period was therefore tolled for 114 days – the number of days the motion for post-conviction relief was pending (August 19, 2003, through December 11, 2003) – thereby moving the deadline to file the instant petition to January 9, 2004 (September 17, 2003, plus 114 days).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date that the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). The instant petition was thus "filed" sometime between the date it was signed on June 1, 2004, and the date it was received by the district court June 4, 2004. The petition was thus filed some 144 days to 147 days after the January 9, 2004, deadline. The petitioner cites no "rare and exceptional" circumstance to warrant equitable tolling, as he does not argue that he was actively misled or prevented in some

extraordinary way from asserting his rights. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition for a writ of *habeas corpus* must therefor be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 1st day of June, 2005.

 /s/ Michael P. Mills
 **UNITED STATES DISTRICT JUDGE**